# Hogan *v.* The State.

### *Indictment for Murder.*

1. *Criminal law; charge of jury as to consideration proper to be given to a deposition.*—In a criminal case a charge is argumentative and properly refused which instructs the jury "that testimony taken by deposition should receive the same consideration and weight at the hands of the jury as if witness was testifying on the witness stand in their presence: that the prosecution had ample opportunity to cross-examine the witness by cross interrogatories, and if the prosecution failed to cross-examine the witness it is not to be taken against the defendant in determining his guilt or innocence."

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. SAMUEL E. GREENE.

The appellant, John Hogan, was indicted and tried for murder, and convicted of murder in the first degree

and sentenced to the penitentiary for life. The only exception reserved on the trial and the only ruling on the present appeal are sufficiently shown in the opinion.

F. S. Monks, for appellant.

Chas. G. Brown, Attorney-General, for the State.

McCLELLAN, C. J.—The only exception reserved on this record goes to the refusal of the court to give the following charge requested by the defendant: "I charge you, gentlemen of the jury, that testimony taken by deposition should receive the same consideration and weight at the hands of the jury as if the witness was testifying on the stand in their presence, that the prosecution had ample opportunity to cross-examine the witness by cross-interrogatories, and if the prosecution fails to cross-examine the witness, it is not to be taken against the defendant in determining his guilt or innocence." This charge is clearly argumentative, and was, therefore, properly refused. There was not even the excuse for *asking* it sometimes found in the fact that the argument which the court is requested to make by an instruction is responsive to an argument made by opposing counsel, for it affirmatively appears that no reference was made by counsel for the State to the fact that part of the evidence for the defense was taken on written interrogatories and presented in the form of a deposition, though, of course, had this been otherwise there still would have been no duty resting on the court to give the charge.

If the defendant was entitled to any instruction in this connection—which, to say the least, is, on principle, to be doubted—that which was given at his request—viz: "I charge you, gentlemen of the jury, that testimony taken by deposition should receive the same consideration and weight at the hands of the jury as if the witness had testified on the stand in your presence"—filled the measure of his right.

Affirmed.